IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


------------------------------------------------------- :
GUY ALLAN MALROIT,                                       :
                                                        : CASE NO.  1:02CV1041
                                    Petitioner,          :
                                                        :
            -vs-                                         : <u>ORDER ADOPTING REPORT AND</u>
                                                        : <u>RECOMMENDATION AND</u>
                                                        : <u>DISMISSING HABEAS PETITION</u>
MARGARET BAGLEY, WARDEN,                                 :
                                                        :
                                    Respondent.          :
------------------------------------------------------- :


UNITED STATES DISTRICT JUDGE LESLEY WELLS

        Before this Court is Guy Allan Malroit's (hereinafter "Malroit") petition for a writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254.  (Doc. #1).  This case was

automatically referred to United States Magistrate Judge William H. Baughman, Jr. for a

Report and Recommendation (hereinafter "R&R").  (Doc. #44).  Magistrate Judge

Baughman considered the petition (Doc. #1) and the return of writ (Doc. #30).  On 4

November 2005, Magistrate Judge Baughman filed his R&R, recommending denial of

the petition, in that all grounds asserted lack merit.  (Doc. #44).  Petitioner then filed his

Objection to the Magistrate's R&R on 14 December 2005.  (Doc. #48).  Subsequently,

Respondent[1] filed a Response to Petitioner's Objections on 20 December 2005. (Doc. #49).

For the reasons set forth below, this Court adopts the Magistrate Judge's Report and Recommendation, (Doc. #44), and dismisses Guy Allan Malroit's petition for a writ of habeas corpus.

## I. Background

Pursuant to this Court's Order of 7 July 2005, the relevant case history is as follows:

On 31 December 1998, the Grand Jury of Medina County indicted Mr. Malroit on four Counts. On 20 October 1999, a jury found Mr. Malroit guilty on Counts 1, 2, and 3, and not guilty on Count 4. He was sentenced and adjudged a sexual predator on 10 November 1999.

Malroit appealed his conviction on 3 April 2000 in the Ninth District of Ohio Court of Appeals; their affirmation of the trial court's verdict was journalized on 8 November 2000. Malroit appealed that affirmation to the Ohio Supreme Court. That court denied review of his direct appeal on jurisdictional grounds on 7 March 2001, and Malroit's ninety-day window to petition the United States Supreme Court began to close. When his time expired on 5 June 2001, the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations began to run. On 3 June 2002, Petitioner timely filed a habeas corpus petition, pro se, in this Court. (Docket #1). In it, he asserted four grounds for relief. The AEDPA statute of limitations expired two days later, on 5 June 2002.

With the assistance of counsel, Petitioner next filed a petition on 3 September 2002, to "re-open his direct appeal" with the Ohio Ninth District Court of Appeals, pursuant to Ohio Appellate Rule 26(B). (Docket #15). On 12 September, he filed a motion to stay his federal habeas proceedings pending the exhaustion of his remedies in state court, and to amend his federal habeas petition to include claims of ineffective assistance of counsel. His Ohio App. R. 26(B) application was denied by the Ohio Court of Appeals on 1 October 2002. The court held that Mr. Malroit failed to show adequate cause for not filing within the rule. (Docket

---

[1] A clarification regarding the correct identity of the Warden is contained in Doc. #30.

2

#20, Ex. A).  The Ohio Supreme Court then dismissed his appeal on
jurisdictional grounds on 27 December 2002 (Docket #20, Ex. B).  His
state remedies exhausted, Petitioner filed a motion to dismiss his 12
September 2002 motion to stay and renewed his request to amend his
petition to add five ineffective assistance of appellate counsel claims on 10
January 2003.  (Docket #20).
(Doc. #36).

Furthermore, on 7 July 2005, this Court affirmed the Magistrate Judge's Partial

R&R dismissing the five ineffective assistance of appellate counsel claims and referred

the original petition back to the Magistrate Judge.  (Doc. #36).  Mr. Malroit appealed this

decision on 8 August 2005 in the Sixth Circuit Court of Appeals.  (Doc. #37).  The Sixth

Circuit dismissed the appeal on 26 August 2005 pending the final decision of this Court.

(Doc. #41 and #43).  On 4 November 2005, Magistrate Judge Baughman issued his

R&R recommending that this Court deny Malroit's petition.  (Doc. #44).  Mr. Malroit's

original petition raised four grounds for relief:

**Ground 1**: The defense was denied a rape defendant's discovery request
for a psychological examination of a ten year old alleged victim and for
copies of his medical and psychological records of examination, where the
accusation was three and one-half years old and uncorroborated by any
witness, medical or physical evidence.

**Ground 2**: The trial court refused to permit Petitioner's expert
phychologist [sic] to testify to research, experiments and related
professional experiences.  It is was [sic] an unreasonable restriction upon
the testimony of the defense expert.

**Ground 3**: The trial court permitted an emergency room physician to
testify that in fifty persent [sic] (50%) of the children he had examined,
wherein sexual abuse is suspected, there are no physical findings even
though the perpetrator had admitted his physical abuse of the child; [sic]
(b) the trial court permitted the state's expert phychologist [sic] to say
"What this child said to me was presented in a credible way". [sic] The
court permitted an impermissible comment upon the credibility of the
alleged victim.

**Ground 4**: Petitioner's convictions and sentences for felonious sexual
penetration, O.R.C. § 2907.12 and kidnapping O.R.C. § 2905.01(A)(2)
violate the United States Constitution prohibition against double jeopardy,
and in clear violaiton [sic] of O.R.C. § 2941.25.

(Doc. #1).


## II.  Law & Analysis

### A. Standard of Review

Under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de*

*novo* the portion of the Magistrate Judge's R&R to which specific objection was made.

Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings

and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Furthermore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

(hereinafter "AEDPA"), the appropriate standards of review of state court decisions

under amended 28 U.S.C.  § 2254(d) are as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim--
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law,
>> as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented at the State court proceedings.

Subsection (d)(1) presents two different clauses and bases for relief under which

a federal court may grant a writ of habeas corpus.  The "contrary to" clause permits a

federal court to grant habeas relief if a state court's conclusion on a question of law is in

4

opposition to that of the Supreme Court or if a state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000); <u>Frazier v. Huffman</u>, 343 F.3d 780, 787 (6th Cir.), <u>as amended on reh'g</u>, 348 F.3d 174 (2003), <u>cert. denied</u>, 124 S.Ct. 2815 (2004).  The Supreme Court construes the phrase "contrary to" to mean "diametrically different, opposite in character or nature, or mutually opposed."  <u>Williams</u>, 529 U.S. at 405; <u>Doan v. Brigano</u>, 237 F.3d 722, 731 (6th Cir. 2001).

A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies the principle to the facts.  <u>Williams</u>, 529 U.S. at 407-08; <u>Frazier</u>, 343 F.3d at 787.  Under the "unreasonable application" clause, the court must analyze whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect.  <u>Williams</u>, 529 U.S. at 409-11; <u>Lordi v. Ishee</u>, 384 F.3d 189, 195 (6th Cir. 2004).  The court's analysis of the "contrary to" and "unreasonable application" of clearly established Supreme Court precedent depends solely upon the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state court decision.  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams</u>, 529 U.S. at 412; <u>Smith v. Stegall</u>, 385 F.3d 993, 998 (6th Cir. 2004).

This Court must rely upon the decision of the state court of appeals when, as here, the Supreme Court of Ohio declines jurisdiction and does not reach the merits. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801 (1991).

**B. Grounds for Relief**

    **1.  Ground 1 - Denial of Due Process and a Fundamentally Fair Trial when the Trial Court Denied the Defense Request for a Psychological Evaluation of the Alleged Victim.**

    Mr. Malroit argues the trial court's denial of the defense's request to psychologically evaluate the alleged victim, Bryan Smith, denied Malroit due process and his ability to present a complete defense.  (Doc. #48 at pp. 2-4).  Additionally, Malroit claims this denial by the trial court was contrary to clearly established federal law.  This is simply not the case.

    Magistrate Judge Baughman's R&R correctly set forth the proper standards a federal court must employ when evaluating a writ of habeas corpus:

> A federal habeas court must, pursuant to Estelle v. McGuire, [502 U.S. 62, 67-68 (1991)], consider whether any alleged violations of state evidentiary law rendered the whole trial fundamentally unfair to support granting the writ.  Under the rule promulgated in Brecht v. Abrahamson, [507 U.S. 619, 619 (1993)], and cited by Malroit, the error must be shown to have "had a substantial and injurious effect or influence" on the verdict before habeas relief may be granted.  That standard has been recently construed to require a party seeking to establish prejudice from an allegedly erroneous trial ruling to demonstrate a "reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." [United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004).]

(Doc. #44).

    Applying the Estelle standard to the objections presented by Petitioner, this Court concludes Malroit's trial was not rendered fundamentally unfair.  The trial court's denial of the defense's own expert examination of the alleged victim does not amount to rendering the entire trial unfair.  Due process guarantees a "meaningful opportunity to

6

present a complete defense." <u>California v. Trombetta</u>, 467 U.S. 479, 485 (1984).

However, the trial court possesses a broad discretion with regards to discovery (Doc.

#44 at p. 9) (citing <u>State v. Malroit</u>, No. 3034-M, 2000 WL 1675046, at ** 2 (Ohio Ct.

App. Nov. 8, 2000)), which does not demand that every request by a defendant be

honored.  As noted by the state appeals court and the Magistrate Judge's R&R, Malroit

had sufficient opportunity to produce exculpatory evidence through cross-examination of

the state's witnesses and the victim himself.  (Doc. #44 at p. 12).  Denying a defendant

the opportunity of expert examination of a minor victim of alleged sexual abuse does not

render an entire trial fundamentally unfair if other means of producing evidence are

available to a defendant.  See <u>Gilpin v. McCormick</u>, 921 F.2d 928, 931-32 (9th Cir. 1990)

(holding a state court's denial to compel a child victim of sexual assault to undergo

psychiatric evaluation did not violate due process).  Here, Malroit had those other

means available to him, and therefore, the trial court did not deny Malroit due process

and his trial was not fundamentally unfair.

Applying the same facts to the <u>Brecht</u> and <u>Dominguez</u> standards, a second

psychological examination of the victim would not, in and of itself, have changed the

outcome of the trial.  All of the state's experts examined Bryan within a day or two of the

alleged abuse.  Any examination conducted by Malroit's expert would occur no less than

three and a half years after the alleged incident.  Mr. Malroit cannot argue with certainty

that any information gleaned from an examination of Bryan, three and a half years later,

would contain exculpatory evidence that is unavailable by other reasonable means.

See <u>Dominguez</u>, 542 U.S. at 82.  As mentioned above, all of the state's expert

witnesses, including the alleged victim, were available for cross-examination.

Accordingly, there is no violation of Malroit's constitutional right to due process and his right to a fundamentally fair trial.  There is no clearly established federal law to the contrary.

> **2.  Ground 2 - The Trial Court's Restriction on the Testimony of the Defense Expert Deprived Malroit of Due Process and a Fundamentally Fair Trial.[2]**

The standards of Estelle, Brecht, and Dominguez also apply to Malroit's second assignment of error.  Mr. Malroit contends the trial court's restriction on the testimony of his expert, Dr. Campbell, violated due process and rendered the trial unfair.  Upon review, this Court agrees with the Magistrate Judge's R&R determination that no violation of due process occurred and that Malroit's trial was not fundamentally unfair.[3]

_____

[2] Magistrate Judge Baughman's R&R contains a clerical error on page fifteen (15) where the word "not" is omitted from the sentence: "A review of the record establishes that the Ohio appellate court did act contrary to clearly established federal law."  (Doc. #44 p. 15).  Per a conversation with Magistrate Judge Baughman's chambers on 26 June 2006, the sentence should read "A review of the record establishes that the Ohio appellate court did not act contrary to clearly established federal law."  This emendation brings the sentence into line with the remaining section of the R&R.

[3] Mr. Malroit, citing to the trial transcript, makes objections predicated on evidentiary errors made by the state trial court.  However, this Court recognizes that if evidentiary errors made at the state trial court do not rise to the level set forth in Estelle, Brecht, or Dominguez, then this Court shall not grant a petitioner's writ of habeas corpus.  See quotation supra p. 6.  Furthermore, the Supreme Court has distinguished the writ of habeas corpus as "an extraordinary remedy, 'a bulwark against convictions that violate fundamental fairness, [limited to] persons whom society has grievously wronged, [a writ of habeas corpus] is designed to guard against extreme malfunctions in the state criminal justice systems, a fundamental defect which inherently results in a complete miscarriage of justice.'"  Brecht, 507 U.S. at 633-34 (citations omitted).  Mr. Malroit's error stated in Ground two is not the same caliber of error, as expounded upon by the Supreme Court, that warrants granting his petition for writ of habeas corpus.

Under the standard set forth in <u>Estelle</u>, the restriction on the testimony of Malroit's expert must have rendered the whole trial unfair to establish a due process violation.  <u>See</u> <u>Estelle</u>, 502 U.S. at 67-68.   Here, Malroit has not shown that this restriction prevented him from establishing certain facts through other means, such as cross-examination.  All of the state's experts were available for cross-examination.  Furthermore, the victim himself was available for cross examination; however, Malroit chose not to cross-examine him.  Mr. Malroit had sufficient opportunity during trial to establish evidence refuting the prosecution's claims.  The restriction on the testimony of Malroit's expert witness, by itself, did not render the whole trial fundamentally unfair.

Mr. Malroit, in his Objections, cites to <u>Boggs v. Collins</u>, 226 F.3d 728 (6th Cir. 2000) to support his position.  In <u>Boggs</u>, the petitioner claimed the inability to cross-examine witnesses violated due process.  Here, unlike <u>Boggs</u>, Malroit had every opportunity to cross-examine witnesses.  Thus, Malroit's claims of state court error on restricting his own experts direct testimony fails to show a violation of due process analogous to the violation claimed in <u>Boggs</u>.   Moreover, the Sixth Circuit in <u>Boggs</u> reversed and denied the petitioners writ of habeas corpus.

Applying the <u>Brecht</u> and <u>Dominguez</u> standards to Malroit's second ground for granting a writ of habeas corpus yields the same outcome as discussed above in ground one.  Under <u>Brecht</u>, Malroit must prove the trial court's error  "had a substantial and injurious effect or influence" on the verdict.  <u>Brecht</u>, 507 U.S. at 637.  Additionally, Malroit must demonstrate a "reasonable probability that, but for [the error claimed], the result of the proceeding would have been different."  <u>Dominguez</u>, 52 U.S. at 82.  Mr. Malroit has failed to prove the prohibited testimony of his expert had an injurious effect

on the jury's verdict.  Mr. Malroit had the ability to present similar evidence through cross-examination of the state's witnesses.  Because Malroit failed to elicit this evidence by other means does not demonstrate a reasonable probability that, but for the court's prohibition on portions of Dr. Campbell's testimony, the jury would not have convicted Malroit.  Accordingly, there is no violation of Malroit's constitutional right to due process and his right to a fundamentally fair trial.  There is no clearly established federal law to the contrary.

### 3. Ground 3(A) - The Admission of Expert Testimony by an Emergency Room Doctor Suggesting that Often where Abuse is Suspected, there is No Physical Evidence, Denied Malroit Due Process and a Fair Trial.

Mr. Malroit argues here that the testimony of Dr. Kennedy - the emergency room physician who examined Bryan the day after the alleged abuse - prejudiced the jury, denied him due process and a fair trial.  Dr. Kennedy testified that "in fifty percent of sexual abuse cases where the perpetrator admits to abusing the child, there are no physical findings" of abuse.  Malroit, 2000 WL 1675046 at *6.  Mr. Malroit contends the testimony influenced the jury to convict him because of the "statistical likelihood he was guilty."  (Doc. #48 at 15).  Malroit's contentions are based on pure speculation.

Brecht and Dominguez are the appropriate standards under which this Court must analyze whether the admission of Dr. Kennedy's testimony warrants granting Malroit's writ.  Under Brecht, Malroit must prove the doctor's testimony  "had a substantial and injurious effect or influence" on the verdict.  Brecht, 507 U.S. at 637.  Additionally, Malroit must demonstrate a "reasonable probability that, but for [the testimony], the result of the proceeding would have been different."  Dominguez, 52

10

U.S. at 82.  Mr. Malroit's assertion here is that the jury obviously misused Dr. Kennedy's testimony in reaching a guilty verdict.  Mr. Malroit cannot point to any evidence in the record to establish this assertion.  This argument is based on mere speculation of how the jury may or may not have interpreted the testimony.  Furthermore, Malroit did not make a  timely attempt to refute or lessen the impact of Dr. Kennedy's testimony on cross-examination,  (Doc. #44 at 19).  Accordingly, Malroit has not met his burden under Brecht or Dominguez to show a substantial and injurious effect on the verdict or, but for the testimony, the result of the trial would have been different.  Therefore, there is no violation of Malroit's constitutional right to due process and his right to a fundamentally fair trial.  There is no clearly established federal law to the contrary.

**4. Ground 3(B) - The Admission of Expert Testimony by the State's Witness that "What this Child Said to Me was Presented in a Credible Way" Violated a State Rule of Evidence and Denied Malroit his Right to Due Process and a Fundamentally Fair Trial.**

Mr. Malroit argues the state's expert testimony bearing on the credibility of the child victim violated a clear principle of state law and "had a substantial and injurious effect" on the verdict as stated in Brecht.  Brecht, 507 U.S. at 637.  Thus he claims, the admission of this testimony violated his right to due process and a fair trial.

Respondent suggests this claim is procedurally barred from review because Malroit failed to object to the testimony at trial.  (Doc. #34).  However, the state appellate court acknowledged this failure to object and continued to analyze the effect of the admission on the trial by applying a plain error analysis that is substantially similar to Brecht and Dominguez.  Consequently, this Court will also address the merits of Malroit's argument.

11

For this Court to grant a writ of habeas corpus, Malroit must show a "reasonable probability that, but for [the testimony], the result of the [trial] would have been different." Dominguez, 52 U.S. at 82. Additionally, Malroit must prove the testimony "had a substantial and injurious effect or influence" on the verdict. Brecht, 507 U.S. at 637. The state appeals court cited - and the magistrate judge agreed - evidence in addition to the testimony at issue sufficiently established that Bryan, the victim, told the truth about the sexual abuse. Moreover, the jury assessed Bryan's credibility first hand when he testified at trial. The statement Malroit objected to as a violation of his right to due process and a fair trial did not exclusively establish Bryan's credibility for the jury. The prosecution established Bryan's credibility independently of this statement through other testimony, including Bryan's own testimony.

Accordingly, Malroit has not met his burden under Brecht or Dominguez to show a substantial and injurious effect on the verdict or that but for the testimony, the result of the trial would have been different. Therefore, there is no violation of Malroit's constitutional right to due process and his right to a fundamentally fair trial. There is no clearly established federal law to the contrary.

**5. Ground 4 - Malroit's Conviction and Sentencing for Both Felonious Sexual Penetration and Kidnapping violated his Fifth Amendment Right not to be Placed in Double Jeopardy.**

Mr. Malroit claims the conviction and sentencing by the trial court for both sexual penetration and kidnapping violated his Fifth Amendment guarantee against double jeopardy. Mr. Malroit claims the kidnapping was not a separate offense, but was "part and parcel with the felonious sexual penetration" charge. (Doc. #48 at 19). Thus, he should not be punished for both offenses.

12

Under the test set forth by the United States Supreme Court in <u>United States v.</u>
<u>Dixon</u>, 509 U.S. 688 (1993), this Court must determine "whether each offense contains
an element not contained in the other; if not, they are the 'same offence' within the
Clause's meaning, and double jeopardy bars subsequent punishment or prosecution."
<u>Dixon</u>, 509 U.S. at 689.  Additionally, this Court must evaluate if the state appellate
court decision comports with clearly established federal law.

According to the state appellate court, the crime of felonious sexual penetration
in Ohio contains the element of "inserting any part of the body instrument, apparatus, or
other object into the vaginal or anal cavity of another."  Whereas, the crime of
kidnapping contains the element of "substantial risk of serious physical harm and
restraint of another's liberty."  Comparing the elements of the two offenses clearly and
conclusively shows that each statute contains elements not required by the other.
Thus, double jeopardy does not apply and the trial court did not violate Mr. Malroit's
Fifth Amendment right.  The state appellate court's decision comports with clearly
established federal law.

### III.  Conclusion

After independently reviewing the relevant case law and the parties' arguments,
this Court confirms the Magistrate Judge's well-reasoned conclusion to deny Mr.

13

Malroit's petition, in that all grounds asserted lack merit.  Accordingly, Respondent's Return of Writ is granted and Guy Allan Malroit's petition for a writ of habeas corpus is dismissed.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 30 June 2006                                    /s/ Lesley Wells
                                                      UNITED STATES DISTRICT JUDGE