IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| ------------------------------------------------------ : <br> GUY A. MALROIT, : <br> : <br> Petitioner, : <br> : <br> -vs- : <br> : <br> : <br> : <br> MARGARET BAGLEY, WARDEN, : <br> : <br> Respondent. : <br> ------------------------------------------------------ : | CASE NO.  1:02 CV 1041 <br><br> <u>OPINION AND ORDER GRANTING</u> <u>PETITIONER'S APPLICATION TO</u> <u>PROCEED IN FORMA PAUPERIS AND</u> <u>DECLINING TO ISSUE A</u> <u>CERTIFICATE OF APPEALABILITY</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Guy A. Malroit ("Malroit" or "petitioner") filed a petition for a writ of habeas corpus.  (Docket No. 1).  United States Magistrate Judge William H. Baughman submitted a Report and Recommendation ("R&R") proposing denial of the petition, in that all grounds asserted lacked merit.  (Docket No. 44).  This Court issued an Opinion and Order reviewing the grounds presented in the R&R for denying Mr. Malroit's petition, adopting the R&R, and dismissing the habeas petition.  (Docket No. 51). Petitioner has now filed a Notice of Appeal and seeks a certificate of appealability ("COA") and requests leave to proceed <u>in forma pauperis</u>.  (Docket No. 54).  See <u>Castro v. United States</u>, 310 F.3d 900, 901-02 (6th Cir. 2002).

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or

district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. In re Certificates of Appealability, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Mr. Malroit presented four grounds for relief in his habeas petition. However,

petitioner first argued that the additional claims presented in his 2003 amended petition should be regarded as timely and ripe for consideration pursuant to Ohio App. R. 26(B). The petitioner's 2003 amended petition contained five additional assignments of error not asserted in his original and timely 2002 petition for writ of habeas corpus.  (Docket Nos. 20, 36, p. 4).  The Ninth District Court of Appeals reviewed Mr. Malroit's collateral post-conviction application to reopen his appeal to add these five additional claims and dismissed it as untimely.  (Docket No. 30).

The United States Supreme Court recently addressed the AEDPA statute of limitations consequences for petitioners, such as Mr. Malroit, who file amended petitions containing claims not asserted in their original habeas petitions.  See Mayle v. Felix, 125 S.Ct. 2562 (2005).  Felix laid down the bright-line rule in a case such as the one before the Court:

> An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

Id. At 2566.  The record clearly establishes that the statute of limitations had already run on Mr. Malroit's 3 September 2002 application to reopen his direct appeal in the state court of appeals pursuant to Rule 26(B).  Moreover, Mr. Malroit's untimely 26(B) application did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2) because a collateral, post-conviction action that is dismissed by a state court as untimely is not considered properly filed.  See Pace v. Diguglielmo, 125 S. Ct. 1807 (2005); see also Lopez v. Wilson 426 F. 3d 339, 341 (6th Cir. 2005) (characterizing Rule 26(B) as a collateral post-conviction procedure rather than part of the direct right of

appeal).

This Court also found petitioner's Rule 26(B) application procedurally defaulted. Mr. Malroit failed to show cause for the procedural defaults and he did not demonstrate that a miscarriage of justice would result from a failure to review his claims because he failed to demonstrate that he was actually innocent. (Docket No. 36, p. 12). In addition, the 'good cause' requirement of Rule 26(B) is an adequate and independent state procedural bar which terminates federal habeas review of constitutional claims presented in that action if the Rule 26(B) application is, as it was here, dismissed by the state court as untimely.  Monzo v. Edwards, 281 F.3d 568 (6th Cir. 2002). Mr. Malroit's assertion of ineffective assistance of trial counsel as a basis for not objecting at trial or raising pretrial and trial issues (Docket No. 54, p. 11) lacks merit, where he did not present the claim to the state court as a separate claim. See State v. Lentz, 70 Ohio St. 3d 527, 529 (1994). As such, petitioner's assertion of ineffective assistance of trial counsel cannot serve as cause for his procedural default.

Accordingly, pursuant to Slack, the Court concludes that Mr. Malroit has not established that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this Court was correct in its procedural ruling.

In his first ground for relief in his 2002 habeas petition, which the court reviewed on the merits, Mr. Malroit argued that he was entitled to a new trial where the state court denied his motion for a psychological examination of the child victim and only permitted access to the medical and psychological records in statements of the victim subsequent to the testimony of the social worker. This Court did not find the state court decision

4

contrary to clearly established federal law, noting that petitioner had the opportunity to cross-examine the victim yet decided against such a course of action.  (Docket No. 51).  Mr. Malroit did, however, take the opportunity to cross-examine the medical doctor, the social worker, the psychologist, and the investigator with regard to their examinations of the victim.  In short, Malroit had the opportunity to produce exculpatory evidence through cross-examination of the state's witnesses and the victim himself.

This Court may not grant habeas relief absent a finding that the state court decision adjudicating the merits was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).  This Court found no evidence that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law.  Indeed, while the Due Process Clause guarantees a "meaningful opportunity to present a complete defense," California v. Trombetta, 467 U.S. 479, 485 (1984) it does not establish grounds for claiming that every request by a defendant be honored.  As the United States Supreme Court has long declared, the Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." United States v. Owens, 484 U.S. 554, 559 (1988).  In his petition for a COA, Mr. Malroit has not demonstrated, with regard to his first ground for relief, that reasonable jurists would find this Court's assessment of the constitutional claim debatable or wrong.

In his second ground for habeas relief, petitioner maintains the trial court's evidentiary determinations preventing his expert witness from referencing specific medical treatises or articles examining the question of interview protocol were contrary

5

to clearly established federal law and deprived him of due process and a fundamentally fair trial. Applying the standards enunciated by the United States Supreme Court in Estelle v. Mcguire, 502 U.S. 62, 67-68 (1991), Brecht v. Abrahamson, 507 U.S. 619 (1993), and United States v. Dominques Benitez, 542 U.S. 74, 82 (2004), this Court concluded from the evidence in the record that the trial court's restrictions did not have a substantial or injurious effect or influence on the verdict, nor that there existed a reasonable probability that, but for the error claimed, the result of the proceeding would have been different. (Docket No. 51, p. 9). This Court acknowledged that petitioner's expert did testify regarding the importance of recording the interviews with child witnesses, regarding problems with the interviews of the victim, and regarding possible interview bias, as well as the possibility of false positives from reliance on behavioral indicators. This Court further observed that petitioner "had the ability to present similar evidence through cross-examination of the state's witnesses. Because Malroit failed to elicit this evidence by other means does not demonstrate a reasonable probability that, but for the court's prohibition of portions of Dr. Campbell's testimony, the jury would not have convicted Malroit." (Docket No. 51, p. 10).

In his brief for a COA, Mr. Malroit fails to establish that reasonable jurists would find this Court's assessment of the constitutional claims forming the petitioner's second ground for relief debatable or wrong. Pursuant to the standard laid down in Slack this Court denies a COA for Mr. Malroit's claim that the trial court's evidentiary rulings deprived him of due process and a fair trial.

In his third ground for habeas relief, Mr. Malroit maintains two separate arguments. First, he urges that the admission of expert testimony by an emergency

6

room physician denied him due process of law and the opportunity for a fundamentally fair trial. In finding no constitutional violation, this Court determined that Mr. Malroit's position – that the jury misused the physician's testimony in arriving at a guilty verdict – was predicated on mere speculation of how the jury may have interpreted the testimony. As this Circuit has recognized, the trial court's evidentiary decision to admit the evidence such as the physician's testimony in this matter, does not generate a constitutional question but, rather, involves a matter squarely within the discretion of the state trial judge. See Bell v. Arn, 536 F. 2d 123 (6th Cir. 1976). As such, Mr. Malriot's first argument lacks constitutional magnitude and is not cognizable in federal habeas corpus. See Smallwood v. Gibson, 191 F.3d 1257, 1276-77 (10th Cir. 1999). Secondly, Mr. Malroit maintains the testimony by the state's expert witness denied him due process of law and a fair trial. In this instance, the record indicates petitioner failed to raise a contemporaneous objection to the treating psychologist's testimony that "what this child said to me was presented in a credible way." (Tr. P. 527). Without a timely objection being made, the state appellate court reviewed the testimony and found no plain error in its admission. (Docket No. 30, Exhibit 13). The state appellate court's plain error review acts as an enforcement of a procedural default and, consequently, prevents a claim to consideration on federal habeas. See Gulertekin v. Timmerman-Cooper, 340 F.3d 415, 423 (6th Cir. 2003); Hinkle v. Randle, 271 f.3d 239, 244 (6th Cir. 2001); Scott v. Mitchell, 209 f.3d 854 (6th Cir. 2000). In reviewing the Magistrate Judge's R&R, this Court additionally reviewed the merits to find no violation of petitioner's constitutional right to due process or his right to a fair trial because the jury assessed the victim's credibility first hand and the prosecution established the victim's

7

credibility through other testimony.  (Docket No. 51, p. 12).

Upon review of the petitioner's COA with regard to the third ground for habeas relief, this Court determines that Mr. Malroit has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 483, 484 (2000).

In his fourth ground for habeas relief, Mr. Malroit claimed the conviction and sentencing by the trial court for both sexual penetration and kidnaping violated his Fifth Amendment guarantee against double jeopardy.  Petitioner, however, does not raise this claim in his COA motion before this Court.  In its review of the R&R, this Court found no evidence that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d)(1).  As Mr. Malroit has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims he forwards debatable or wrong, the petitioner's fourth ground for habeas relief will not be certified.

In sum, the court finds that jurists of reason would not find the court's assessment of petitioner's claims for habeas corpus relief to be debatable or wrong.  Slack v. McDaniel, 529 U.S. 483, 484 (2000).  Therefore, petitioner has failed to show that he is entitled to a certificate of appealability.  Accordingly, the court declines to issue a certificate of appealability.

Petitioner's application to proceed in forma pauperis, however, will be granted.  (Docket No. 55).  "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good

faith." United States v. Cahill-Masching, 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir.2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith.

Accordingly, the Court declines to issue a certificate of appealability and further grants the petitioner's application to proceed on appeal without prepayment of fees and costs.

       IT IS SO ORDERED.

       /s/ Lesley Wells 11/20/06
       UNITED STATES DISTRICT JUDGE